ROBERTS, Justice
(dissenting).
The facts are simple: One Van Alst was insured against automobile liability by National Service, Fire Insurance Company, which company retained relators as practicing attorneys to defend a suit in Escam-bia County, Florida, against their assured, Van Alst, arising out of an automobile incident. The attorneys were never personally engaged by Van Alst. During the course of the litigation the Insurance Company was adjudged insolvent by the Circuit Court of Leon County, Florida, and placed in the hands of the State Treasurer as ex officio Insurance Commissioner, for liquidation. Immediately thereafter the State *442 Insurance Commissioner discharged relat-ors as attorneys, whereupon they notified Van Alst of their discharge and petitioned the trial court in Escambia County to permit them to withdraw from the case. The trial court in Escambia County first entered an order permitting the withdrawal, and then ex mero motu vacated such order and entered another order denying the petition to withdraw, thereby leaving the attorneys with the responsibility of defending the suit after having been discharged by the Insurance Company, and not retained by Alst, and without any source of compensation or suit money. The attorneys petitioned this court for relief under Section 23, Article V, Constitution of Florida, F.S.A., as being the court with exclusive jurisdiction of the ethical conduct of members of the Bar of Florida. A majority of the court has denied relief for the reason they feel this court is without jurisdiction in the premises. I dissent.
The Insurance Company that hired the attorneys is insolvent, and the liquidator has discharged them. They have not been retained by Alst, yet ordered by the trial judge to perform professional services for which they have no reason to think they will ever be paid or reimbursed for out-of-pocket suit money. The attorneys want to know their ethical responsibility to obey such an order and have sought review in the only court having control over a lawyer’s ethical conduct. We therefore have jurisdiction.
A lawyer’s time is his “stock in trade” and he must support the heavy expense of maintaining a law office and staff. We take judicial notice that the lawyers of Florida have been generous in voluntarily giving their time when requested to do so by a trial judge and ofttimes at inconvenience and expense to themselves, but here we are concerned with an order which does not merely request, but in practical effect mandates, the performance of a gratuitous service. In my opinion the learned trial judge abused his discretion in so doing and this court should quash the order of September 11, 1968, requiring the gratuitous service. See Section 1 of Amendment XIII to the Constitution of the United States, which says:—
“Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction.” (Emphasis added.)
I therefore respectfully dissent.
CALDWELL, C. J., concurs.